---

(65 App. Div. 229.)

In re BETTMAN.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. SURROGATE'S DECREE — SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW—CONFIRMATION OF REFEREE'S REPORT.

Where a surrogate adopted a referee's report, containing separate findings of fact and conclusions of law, and entered a decree thereon, such decree was not defective because failing to make separate findings of fact and conclusions of law, as required by Code Civ. Proc. § 2545; but under section 2546, authorizing such reference, the confirmation by the surrogate was equivalent to making the findings of fact and conclusions of law his own.

2. SAME—APPEAL—SUFFICIENCY OF RECORD—AFFIDAVIT.

Where, on appeal from an order denying a motion to resettle the decree of a surrogate adopting the findings of fact and conclusions of law of a referee, there is no appeal from the decree, and neither the report of the referee nor the papers used in the proceeding before him were in the record,—the only information as to such report and proceedings being contained in the affidavit of an attorney,—no question is presented.

Appeal from surrogate's court, New York county.

Judicial settlement of the account of Marcus A. Bettman as administrator of the estate of Sigmund Schneittacher, deceased. From an order denying a motion for resettlement of the final decree, the administrator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Frederick F. Neuman, for appellant.
Charles J. McDermott, for respondent.

HATCH, J. It is claimed that the final decree is irregular and defective in form, in failing to make separate findings of fact and conclusions of law, as prescribed by section 2545 of the Code of Civil Procedure. By the next section (2546) the surrogate is authorized to refer a question of fact to a referee, who is vested with the same power as a referee appointed by the supreme court for the trial of an issue of fact in an action; and provision is made for confirming, modifying, or rejecting the report of such referee by the surrogate. In the present proceeding a reference was ordered by the surrogate, pursuant to this provision of law; and it appears

(although the report of the referee is not in the record) that the referee, after a hearing, made a report containing separate findings of fact and distinct conclusions of law, and this report was confirmed by the surrogate, and a decree entered thereon. The irregularity is claimed to consist in the fact that the surrogate did not make separate, independent findings of fact and conclusions of law. The surrogate was not required by the provision of the Code invoked by the appellant, or by any other, to make such findings and conclusions under such circumstances. When the surrogate confirmed the report, he adopted the findings of fact and conclusions of law reported by the referee as his own, and in all respects complied with the law. In re Yetter, 44 App. Div. 404, 61 N. Y. Supp. 175.

As to the other questions involved in this appeal, the record is clearly insufficient to determine them. There is no appeal from the final decree, nor is the report of the referee or the papers used in the proceeding before him contained in this record; and, aside from the affidavit of the attorney, nothing appears respecting the proceeding before the referee. There is therefore nothing from which the court can determine that either the referee or the surrogate committed any error, as the questions sought to be presented will not be determined upon affidavits. The error must appear in the proceedings had before the respective officers before the court is authorized to make determination. Presumptively, the proceedings had and the steps taken were regular, and a mere affidavit attacking them is entirely insufficient, in the absence of the papers and proceedings.

It follows that the order should be affirmed, with $10 costs and disbursements to the respondent. All concur.